IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No. 5:22-CR-00008 |
| GERALD LEONARD DRAKE, | : |
| | : |
| Defendant. | : |
| _____ | : |

**REPLY TO GOVERNMENT'S RESPONSE TO GERALD DRAKE'S
MOTION FOR RECONSIDERATION**

Gerald Drake files this memorandum replying to the government's response to his motion to reconsider bond. *See* ECF 28, 34.

In its response, the government refers to the weight of the evidence as a reason to keep Mr. Drake in custody. *See* Government's Response, ECF 34 at 6. It cites only a few pieces of circumstantial evidence in support of its position: cellphone tracking, which allegedly places Mr. Drake—who was still active with the Cedar Creek Battlefield Foundation in 2017—at the 2017 reenactment, and a logo allegedly found on a jump drive. *Id*. That is not an overwhelming amount of evidence by any stretch, and this Court should reject the argument.

Moreover, the government overstates Mr. Drake's criminal history, painting him as a person who engaged in a "pattern of sexual violence." *See* ECF 34 at 7. That is simply not true. Mr. Drake was found guilty of a *third-degree misdemeanor* sex crime nearly twenty years ago. *See* ECF 18 at 4 (Pretrial Services Report). There are

no violent convictions before or since. Further, the government continues to cite a single statement by Mr. Drake's brother, who is not a witness and whom the government has not so much as interviewed. That statement is the *opinion* of a person who has reason to defame Mr. Drake's character. Mr. Drake's argument that he is not a danger to the community is a clear rebuttal to his brother's statement.

The government's response merely restates the allegations contained in the indictment without ever addressing: 1) why the government did not consider Mr. Drake dangerous enough to arrest during the three years and seven months between the search of his home and his arrest; and 2) why the government suddenly considers Mr. Drake to be more of a danger on house arrest—with GPS tracking, computer monitoring, no firearms or passport, and additional pretrial conditions—than he was before his arrest. The Cedar Creek Foundation has held at least one reenactment without incident since Mr. Drake's identity as a suspect was made public in 2020, and Mr. Drake has traveled abroad on numerous occasions without eluding law enforcement in any way.

Everything that the government cites as a reason to keep Mr. Drake in custody is addressed in the conditions listed in his motion for reconsideration. *See* ECF 28 at 1-2. If this Court or probation has additional conditions, Mr. Drake is willing to adhere to those.

For these reasons, and those cited in the motion for reconsideration, Mr. Drake asks that this Court release him with pretrial conditions.

Respectfully submitted,

s/ Donald R. Pender

Donald R. Pender, Esq.
N.C. Bar No.: 48004
V.A. Bar No.: 97455
Assistant Federal Public Defender
Office of the Federal Public Defender
401 E. Market Street, Ste 106
Charlottesville, VA 22902
Ph. (434) 220-3392
Fax (434) 220-3390
Don_Pender@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 16, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                         s/ Donald R. Pender
                                         Assistant Federal Public Defender