IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No. 5:22-CR-00008 |
| GERALD LEONARD DRAKE, | : |
| | : |
| Defendant. | : |
| | : |

**MOTION TO REVOKE DETENTION ORDER UNDER 18 U.S.C. § 3145(b)**

Gerald Leonard Drake, through counsel, moves to revoke the detention order under 18 U.S.C. § 3145(b). *See* ECF 21, 38. For the reasons stated in this memorandum, as well as his previous Motion for Reconsideration (ECF 28), Mr. Drake asks this Court to release him under the following conditions and any others the Court deems necessary:

- Home incarceration;
- GPS monitoring;
- mail monitoring;
- computer/internet monitoring;
- removal of social media accounts;
- pre-approval to leave the residence, including for doctor's and attorney's visits; and
- no contact of any kind with the Cedar Creek Battlefield Foundation, or any other reenactment groups.

BACKGROUND

On October 6, 2022, Gerald Drake—a 63-year-old retiree—was arrested for conduct that began and ended nearly four years prior. The allegations stem from the planting of an alleged explosive at the Battle of Cedar Creek in October of 2017. Moreover, threatening letters were sent to individuals beginning in September 2017 through December 2018. Mr. Drake was charged in a fifteen-count indictment alleging that he placed the explosive, sent threatening letters, and stalked individuals associated with the Cedar Creek Battlefield Foundation. *See* ECF 5. The alleged explosive was missing an igniter and may have been incapable of detonating.

- **The 2019 search warrant**

The magistrate court issued a sealed search warrant for Mr. Drake's property on February 8, 2019. *See* 5:19-mj-00009-JCH (W.D.V.A. 2019) at Docket Entry 4. The search warrant was returned as executed by Special Agent Steven Duke on February 22, 2019, citing several inventory items that were collected as evidence. *Id.* at Docket Entry 5. No attempt to arrest was made in 2019.

On February 11, 2020, the case was unsealed pursuant to the expiration of the sealing order. *Id.* at Docket Entry 6. The very next day, Mr. Drake's status as a suspect was reported in the Washington Post. *See* ECF 28 at Exhibit 1. Despite the unsealing of the warrant and his public exposure as a suspect, Mr. Drake made no attempt to relocate from the Western District of Virginia. Moreover, the government made no attempt to arrest him in 2020 or 2021.

In the following three years after the search warrant and case were made public, Mr. Drake was not arrested. There is no allegation that he ever contacted anyone from the Cedar Creek Battlefield Foundation during this time, or that he made any violent statements to anyone associated with the case. The Cedar Creek Battlefield Foundation has resumed its reenactment since at least 2021 without incident. Moreover, despite extensive domestic and international travel for tourism purposes, Mr. Drake never attempted to relocate or otherwise evade law enforcement.

- **The 2022 Indictment, Arrest, and Initial Appearance**

On September 14, 2022, Mr. Drake was indicted in the current case. ECF 5, 6. An arrest warrant was issued that same day. ECF 7. Mr. Drake was arrested on October 6, 2022 and arraigned the next day. *See* ECF 10, 14. The magistrate court denied bond on October 13, 2022. ECF 21. Specifically, the Court noted that there was no combination of conditions that could reasonably assure Mr. Drake would not be a danger to others, based on the nature of the offenses. ECF 21. While not reflected in its order, the magistrate court found that Mr. Drake was not a flight risk.

- **Motion to Reconsider Bond**

On November 1, 2022, Mr. Drake filed a motion to reconsider bond, based on changed circumstances. ECF 28. As changed circumstances, he noted that he had all firearms removed from the home, had dental problems that the jail was not addressing at the time, and that his ex-wife's death—combined with his criminal charges—were imposing significant hardship on his son, who is handling his affairs.

He also proposed a non-exhaustive list of potential conditions that are highly restrictive and would address both flight and dangerousness. *See* ECF 28 at 1-2. The magistrate court ultimately ruled against Mr. Drake, finding that there were no changed circumstances that would warrant the court's reconsideration of its prior order. ECF 36, 38.

## ARGUMENT

Mr. Drake asks this Court to revoke the detention order and grant his pretrial release. If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.[1]  18 U.S.C. §3145(b).

The Bail Reform Act requires the court to consider the nature and seriousness of the danger to any person or the community that would be posed by Mr. Drake's release. 18 U.S.C. § 3142(g)(4). However, given that Mr. Drake has been in the same Winchester community since 2017 and 2018 when the offenses are alleged to have occurred, and since 2019 when the search warrant was executed, there is no evidence that he poses a present danger.

---

[1] Undersigned counsel took family medical leave from the beginning of November through mid-December. As a result, counsel files this motion one month after the magistrate court's November 17, 2022 order. Per the statute, counsel understands the motion to be timely; if counsel is mistaken, he asks this Court in its discretion to accept the late filing.

In the previous three years before he was indicted, Mr. Drake was not a danger to the public despite knowing that he was under investigation. He is also not a flight risk, as he has traveled abroad several times and returned each time. The government arrested Mr. Drake over three years after the search warrant was executed and made no attempts to arrest him before then. It is unreasonable to suggest that he is suddenly an imminent danger to the public today.

The government relies on a near twenty-year-old conviction to assert that Mr. Drake is a violent sexual predator. In 2003, Mr. Drake pled guilty to misdemeanor sexual imposition and child endangerment, for which he collectively received less than a year in prison. Mr. Drake has no felony convictions since then, is a legal gun owner, and has served on a jury in the interim. He does not have a violent history by any stretch.

Moreover, Mr. Drake is open to the most restrictive form of home incarceration available. While he has listed conditions that he would be open to, that list is non-exhaustive. This Court can fashion a set of conditions that would ensure that he is neither a flight risk, nor a danger to the public. If released, Mr. Drake plans to move back to his apartment in Winchester, Virginia, where he lives alone. However, he is open to any form of monitoring that probation or the Court deems appropriate.

## CONCLUSION

Mr. Drake's asks this Court to overrule the magistrate court and grant pretrial release.

Respectfully submitted,

s/ Donald R. Pender
Donald R. Pender, Esq.
N.C. Bar No.: 48004
V.A. Bar No.: 97455
Assistant Federal Public Defender
Office of the Federal Public Defender
401 E. Market Street, Suite 106
Charlottesville, VA 22902
Ph. (434) 220-3392
Fax (434) 220-3390
Don_Pender@fd.org

Respectfully submitted,

s/ Donald R. Pender
Donald R. Pender, Esq.
N.C. Bar No.: 48004
V.A. Bar No.: 97455
Assistant Federal Public Defender
Office of the Federal Public Defender
401 E. Market Street, Suite 106
Charlottesville, VA 22902
Ph. (434) 220-3392
Fax (434) 220-3390
Don_Pender@fd.org

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

                s/ Donald R. Pender
                Assistant Federal Public Defender