IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:22-cr-00008 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| GERALD LEONARD DRAKE | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

The defendant, Gerald Leonard Drake, is charged with several serious offenses related to

him threatening people involved in the reenactment of a Civil War battle.  The magistrate judge

issued an order of detention pending trial based on the need to assure the safety of persons in the

community.  (Dkt. No. 21.)[1]  Drake moved for reconsideration, asserting various changes in

conditions to justify release pending trial.  (Dkt. No. 28.)  The magistrate judge denied this

motion due to there being no changed circumstances to warrant a reconsideration of release.

(Dkt. Nos. 38.)  Drake now moves to revoke the detention order.  (Dkt. No. 39.)  For the reasons

stated below, Drake's motion will be denied.

## I.  BACKGROUND

Drake is charged with mailing threatening communications, 18 U.S.C. § 876(c);

malicious use of explosives, 18 U.S.C. § 844(i); unlawful manufacture of a destructive device,

26 U.S.C. §§ 5841, 5861(f), 5871; possession of an unregistered destructive device, 26 U.S.C. §§

5841, 5861(d); stalking, 18 U.S.C. §§ 2261A(2), 2261(b)(3); use of an explosive to commit, and

carrying an explosive during the commission of, a federal felony, 18 U.S.C. §§ 844(h)(1), (h)(2);

stalking, 18 U.S.C. § 2261A(2); four counts of using the mail to threaten injury by means of an

---

[1]  The magistrate judge did not make any findings as to whether Drake is a flight risk.

explosive, 18 U.S.C. § 844(e); and four counts of mailing threatening communications, 18 U.S.C. § 876(c).

The indictment alleges that Drake constructed a pipe bomb and placed it at an event organized by the Cedar Creek Battlefield Foundation (CCBF).  (Indictment ¶¶ 35, 38, Dkt. No. 5.)  Drake is also alleged to have sent threatening letters to people involved in the reenactment. (*Id.* ¶¶ 11, 22, 23, 28, 30.)  Some of the letters were represented as coming from someone involved with Antifa.  (*See id.* ¶ 30.)  The letters included threats to CCBF members and their families, participants in the reenactment, volunteers, and event attendees.  (*Id.* ¶ 22 ("Maybe we should kill your mother for you to stop, a car bomb would do wonders for her beauty."), ¶ 28 ("If [. . . the new acting president of CCBF Board of Directors] thinks she is safe, well she is right, but her children are not!  If she puts together a reenactment to celebrate keeping men in chains, we will come after her girls.  We have a convicted rapist that would love to introduce them to his penis."); ¶ 30 ("Your park is so large we can get in at any point to disrupt and ruin this event. All we need is just one victim to destroy you.  One child hurt by a bomb, or anthrax.  One child shot by an unseen shooter hiding in the woods.  One person who got slashed by a knife or stabbed in the crowd.").)  The indictment also alleges that Drake addressed threats to those involved with the annual Gettysburg Remembrance Day Parade.  (*Id.* ¶¶ 17–20.)

The magistrate judge issued an order of detention, finding that no condition or combination of conditions could reasonably assure the safety of others in the community if defendant was released before trial.  (Dkt. No. 21.)  The court cited the charges of "serious, violent offenses, including placing a pipe bomb at a public event and making threats to numerous others to kill them and harm their family and children in vile ways."  (*Id.*)  On reconsideration, Drake cited the following changed circumstances: (1) Drake voluntarily disposed of his firearms;

(2) Drake experienced several medical issues while incarcerated, including the jail removing his modified diet and his dentures being broken; and (3) Drake's first wife (the mother of his son) passed away suddenly.  The court found that these circumstances did not warrant reconsideration of release.  (Dkt. No. 38.)

## II.  ANALYSIS

If a person is ordered detained by a magistrate judge, the person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."  18 U.S.C. § 3145(b).  The district court conducts a de novo review of a magistrate judge's order.  *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989).  In conducting its de novo review, the court may rely on the record below and is not required to conduct an additional evidentiary hearing.  *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985).

Pretrial detention is appropriate if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person or the community."  18 U.S.C. § 3142(e)(1).  The court considers (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his physical and mental condition and whether, at the time of the alleged offense, he was on pretrial release pending trial; and (4) the nature and seriousness of the danger that the defendant's release would present to any person.  *Id.* § 3142(g).  The burden of proof is on the government to demonstrate by a preponderance of the evidence that detention is necessary to assure the appearance of the defendant, or to demonstrate by clear and convincing evidence that defendant poses a danger to the community.  *See United*

*States v. Nash*, NO. 4:21-CR-21-FL-2, 2021 WL 1998242, at *2 (E.D.N.C. May 19, 2021)

(citing *United States v. Stewart*, 19 F. App'x 46, 48–49 (4th Cir. 2001) and 18 U.S.C. § 3142(f)).

Regarding one of the crimes charged in the indictment, a violation of 18 U.S.C. § 844(i) (malicious use of explosives), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.  18 U.S.C. §§ 3142(e)(3), (f)(1).  With the presumption, "the burden of production shifts to the defendant to come forward with evidence to suggest that the presumption is unwarranted in his or her particular case."  *United States v. Boyd*, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007).  "To do so, the defendant must proffer at least some evidence or basis to conclude that the case falls outside the congressional paradigm giving rise to the presumption." *United States v. Blue*, No. ELH-19-286, 2020 WL 6044328, at *4 (D. Md. Oct. 9, 2020).  "Even in a presumption case, the government retains the ultimate burden of persuasion" to show that detention is warranted.  *United States v. Mattis*, 963 F.3d 285, 291 (2d Cir. 2020).

Drake argues that it is unreasonable to suggest that he suddenly presents an imminent danger to the public when the government waited three years to arrest him after the execution of the search warrant in this case in 2019.  Drake states that he is open to the most restrictive form of home incarceration possible.

Absent from Drake's motion is any evidence to rebut the presumption of dangerousness in this case.  Moreover, the court is not persuaded by Drake's argument that the government's delay in arresting him following the execution of a search warrant suggests that Drake does not present any danger to the community.  The nature and circumstances of the alleged offenses— placing a pipe bomb at a public event, along with making vile and terrifying threats—are grave and extremely serious.  Further, the weight of the evidence against Drake supports detention.

The indictment was the result of a lengthy investigation.  The government's evidence includes, for example, cellular location data placing him in the area minutes before the pipe bomb was found.  Drake has a prior sexual offense against a minor, in addition to a history of deceitfulness and violent online posts.  His prior sexual offense against a minor is concerning because many of the letters in this case include threats of sexual violence against children.  Finally, the nature and seriousness of the danger presented by Drake, who (as the weight of the evidence suggests) waged an ongoing campaign of terror and attempted to cause a deadly explosion at a public event, is evident.  Drake presents a danger to the community.  No condition of home confinement could prevent Drake from building pipe bombs or issuing threats from his home.

For these reasons, the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others in the community if Drake were released from custody before trial.  Therefore, the court will deny Drake's motion to revoke the magistrate judge's detention order.

## III.  CONCLUSION

For the above-stated reasons, it is HEREBY ORDERED that Drake's motion to revoke the magistrate judge's detention order (Dkt. No. 39) is DENIED.  The clerk of court is directed to transmit a copy of this memorandum opinion and order to all counsel of record.

Entered: January 12, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge