FROM: 22682509
TO: Juzwik, Tina
SUBJECT: Drake 2.0
DATE: 12/27/2023 06:10:56 PM

United States District Court
Western District of Virginia

United States of America
v
Gerald Leonard Drake

Case No: DVA W522 CR:000008-001

MOTION TO SEAL CASE FILE

Comes now the defendant Gerald Leonard Drake with a motion requesting that the court seal the defendants case in particular the indictment of September 14, 2022 pursuant to the local rules of the United States District Court for the Fourth District.

BACKGROUND

On September 14, 2022 the grand jury in the Western District of Virginia returned an (11) eleven count indictment containing a wide range of accusations against the defendant Drake. Defendant eventually entered into a plea agreement in the case in which he plead to (2) two of the counts discussed below. Several of the alleged counts contain strong statements and language that can be interpreted by the public in a negative and damaging manor. Specifically these are items that were never proven at trial or agreed up on in the clients subsequent plea agreement.

On April 17, 2023 defendant Gerald Leonard Drake entered a plea agreement in the above referenced case. The defendant plead guilty to counts 4 and 5 of the indictment filed September 14, 2022. Specifically the counts are in violation of united States code section USC 26 5841, 5861(d), 5871 {possession of a destructive device} and USC 18 2261 A(2), 2261(b)(3) {stalking} respectively.

On August 17, 2023 the defendant was sentenced by the western district court to serve a sentence of one hundred and eight [108] months of imprisonment pursuant to the plea agreement signed in this case and discussed above.

The defendant is presently incarcerated at Federal Corrections Institute Milan in Milan Michigan. As part of the permission population inmates are routinely screened informally by other inmates and a request for "paperwork" or background is asked. Allegations specifically allegations made in several of the unproven counts are controversial and can and have caused harm to the defendants reputation and serve as a threat to his physical well being. In addition the defendant is planning for his release in the coming years and will have to reenter society and not having damaging allegations that were neither "proven" nor "plead to" will undoubtedly cause further harm and represent an unreasonable punishment in addition to the defendants current incarceration.

UNITED STATES SENTENCING CODE SECTION 42 USC 1983

As part of the United States Code section 42 every person regardless of race, religion, gender, creed or national origin is entitled to the right to privacy and to unjust persecution. Specifically the federal code of criminal procedure P.11 Rule 52 provides for privacy and protection of personal information.

CASE PRECIDENT

In the landmark eighth circuit case of Flint V. Lombardi, 885 F. 3d 508, 511 [8th circuit 2018] the court provides that they have the exclusive right to suppress or seal information. In Duckworth v St Louis Metro Police [8th circuit 1986] the court provides that the decision of wither or not to seal a court document or proceeding is a decision best left to the trial court.

In general practice the courts will find that the public is served by keeping public the record of justice being served by visibility; however in cases where exposure could harm the trial or the case or in cases where there are general concerns of harm that may come to an injured party by disclosure of the information publicly flint gives wide discretion to the court to to seal. In Flint the presumption of need to public access may be overcome only "if the party seeking to keep the relevant record under seal

provides compelling reasons for doing so. Flint v. Lombardo 885 F.3 at 511 (citing in re: near 461 F 3d 1048) [8th circuit 2006].

PRAYER FOR RELIEF

While many allegations held forth in the defendants indictment by the grand jury are violent and unsettling it is important to note that the court dismissed these counts. A closer look by the court will show that the counts plead to and discussed earlier are non violent offences and are not part of the later counts which include inflammatory statements and threats that the defendant specifically did not plead to and were not proven by the court. In addition to this the court will take note as evidenced in defendant Drakes Pre Sentence Investigation that he has no prior criminal history and no history of 3553(a) factors were considered by the court at the time of sentencing.

Defendant is a father and committed grandfather, he is extremely remorseful for his out of character actions in 2017 and is looking forward to rehabilitation and re entry to society. Defendant Drake respectfully prays that the court not further his punishment un justly by allowing him to be judged in the "court of public opinion" by these un proven allegations.

Defendant comes before the court with the foregoing motion asking to seal his court file specifically the indictment of September 2022 pursuant to US 42 1983. Defendant cites past president in Flint V. Lombardi and further cites precedent of authority in Duckworth v St. Louis Metro Police referenced above. Defendant has no prior criminal history and other than his regrettable actions in 2017 has lead an upstanding life. He respectfully asks the court to seal his file and prevent further persecution and judgement of un tried and un plead accusations.

Defendant asks the court rule and grant him relief as per its authority vested by precedent and statute as discussed in the foregoing.

Respectfully Submitted,

*Gerald L. Drake*

Gerald Leonard Drake
PRO-SE Defendant
25507-510
FCI MILAN
Post Office Box 1000
Milan, Mi 44380

December 29, 2023