UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 5:22-CR-00008 |
| ) | |
| GERALD LEONARD DRAKE ) | |

**GOVERNMENT'S POSITION AS TO DEFENDANT'S ELIGIBILITY FOR A SENTENCE REDUCTION UNDER AMENDMENT 821**

The United States concurs with the Probation Office that Gerald Leonard Drake is not eligible for relief under Part A or Part B, Subpart 1, of Amendment 821 to the United States Sentencing Guidelines. Therefore, the Government opposes Defendant's *pro se* motion for reduction in sentence pursuant to Amendment 821. ECF No. 62 ("Motion").

**I.   Background.**

Between September 2017 and October 2018, Drake wrote and mailed letters threatening to harm various individuals unless event planners canceled a civil war re-enactment at the Cedar Creek Battlefield in Middletown, Virginia. Defendant pretended the letters were sent by Antifa, although he was the true author. The letters threatened bombings, shootings and other violence. In particular, a letter postmarked on September 21, 2017 threatened to make "Charlottesville look like a Sunday picnic." ECF No. 46.

Defendant's threats were unheeded and the annual re-enactment at the Cedar Creek Battlefield went forward as planned in October 2017. On October 14, 2017, Defendant manufactured and placed a pipe bomb in a merchant tent during the reenactment.

1

Although, the pipe bomb was discovered, Defendant's threats continued following the October 2017 reenactment. He continued to send letters threatening violence and pretending to be the work of Antifa. In particular, on June 26, 2018, Defendant mailed a letter threatening to kill a victim's mother with a car bomb. *Id.*

On September 14, 2022, Defendant was charged in a fifteen count indictment with violations of 18 U.S.C. § 876(c) (mailing threatening communications); 18 U.S.C. § 844(i) (malicious use of explosives); 26 U.S.C. §§ 5841, 5861(f), 5871 (manufacture of destructive device); 26 U.S.C. §§ 5841, 5861(d), 5871 (possession of an unregistered destructive device); 18 U.S.C. § 2261A (stalking); 18 U.S.C. § 844(h) (explosive to commit a felony); and 18 U.S.C. § 844(e) (use of mail to threaten injury by explosive). ECF No. 5.

On April 17, 2023, Defendant pled guilty, pursuant to a plea agreement, to one count of possession of an unregistered destructive device and one count of stalking. ECF No. 44. The plea agreement, pursuant to Rule 11(c)(1)(C), agreed to a sentence of between 84 and 120 months. *Id.* The final Presentence Investigation Report (PSR) found a total offense level of 21 and a criminal history category of II, resulting in a guideline range of 41 to 51 months. PSR ¶ 170. Notably, no status points—as explained further below—were included in Defendant's criminal history computation. Moreover, Defendant received two criminal history points for a prior possession of forged currency. *Id.* ¶ 44.

On August 30, 2023, Defendant was sentenced to 108 months imprisonment, within the Rule 11(c)(1)(C) range. ECF No. 56.

2

On January 2, 2024, Defendant filed a pro se motion to reduce sentence under Amendment 821 to the Sentencing Guidelines. ECF No. 62. The motion incorrectly claimed that the Defendant was eligible because he had "zero criminal history category." *Id.* The Probation Office filed an Addendum to the PSR noting that the Defendant is ineligible for both Part A and Part B of Amendment 821. ECF No. 67.

**II.     Discussion.**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in § 4A1.1(e). The amended provision states,

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

USSG § 4A1.1(e) (emphasis omitted).

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points.[1]

Furthermore, in Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in § 4C1.1, providing a 2-offense-

---

[1] Previously, under then-USSG § 4A1.1(d), defendants received two status points if they committed the instant offense while under any criminal justice sentence, without regard to the number of criminal history points the defendants otherwise received.

level reduction for many offenders who present zero criminal history points and who otherwise satisfy several enumerated criteria.

On August 24, 2023, the Commission decreed that the changes provided by Part A and Part B, Subpart 1, of Amendment 821 apply retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023).

### III. Application.

As detailed above, Part A and Part B, Subpart 1, of Amendment 821 apply, respectively, only if the defendant, at the time of his original sentencing, received, either: 1) two status points for committing the instant offense while under any criminal justice sentence, or 2) zero criminal history points. In this case, Defendant did not receive status points and Defendant received two criminal history points for a prior offense.

The Government therefore concurs with the Probation Office's conclusion, as exhibited in the Addendum to the Presentence Report filed on January 31, 2024, that Defendant is ineligible for relief under either Part A or Part B, Subpart 1, of Amendment 821. ECF No. 67. Counsel for Defendant does not dispute this finding. ECF No. 71. Because Defendant is ineligible for relief, the Government respectfully submits that no reduction in sentence is permitted under Amendment 821.

### IV. Conclusion.

For these reasons, it is the Government's position that Defendant is ineligible for relief under Amendment 821. As such, the Government opposes any reduction in Defendant's sentence.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ Rachel Barish Swartz
Rachel Barish Swartz
Assistant United States Attorney
Western District of Virginia
255 West Main Street, Suite 130
Charlottesville, VA 22902
E-mail: rachel.barish.swartz@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy to the counsel of record.

/s/ Rachel Swartz
Assistant United States Attorney